1  Kerry K. Fennelly (SBN 232621)
   kfennelly@kraw.com
2  Jasleen D. Ahuja (SBN 285419)
3  jahuja@kraw.com
   Kraw Law Group, APC
4  1017 East Grand Avenue
   Escondido, CA 92025
5  (760) 747-1100 tel
6  (760) 747-1188 fax
7
8  Attorneys for Plaintiffs

9              **UNITED STATES DISTRICT COURT**
10             **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE INLAND EMPIRE IBEW-NECA DEFINED CONTRIBUTION TRUST FUND; BOARD OF TRUSTEES OF THE INLAND EMPIRE IBEW-NECA HEALTH PLAN; BOARD OF TRUSTEES OF THE RIVERSIDE COUNTY ELECTRICAL EDUCATIONAL AND TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE LOCAL 477, I.B.E.W.-SOUTHERN SIERRAS CHAPTER, N.E.C.A. EDUCATIONAL AND TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE INLAND EMPIRE IBEW-NECA LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST; BOARD OF TRUSTEES OF THE ADMINISTRATIVE MAINTENANCE FUND; LOCAL UNION NO. 440 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; AND LOCAL UNION NO. 477 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,<br><br>           Plaintiffs,<br><br>      v. | CASE NO. 5:19-cv-01312<br><br>COMPLAINT:<br>  1. BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENTS AND RELATED TRUST AGREEMENTS<br>  2. VIOLATION OF SECTION 515 OF ERISA |

1

COMPLAINT

| | |
|---|---|
| CICO Electrical Contractors, Inc., a California corporation, | ) ) ) |
| Defendant. | ) ) ) |

Plaintiffs complain and allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case under section 502(e) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e), which grants the district courts of the United States, as amended, the exclusive jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA, 29 U.S.C. §1132(f).

2. This Court also has jurisdiction over this case pursuant to section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), which grants the district courts of the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301(a) of the LMRA, 29 U.S.C. § 185(a), as it is the district in which the subject employee benefit plans are administered, it is the district in which the relevant acts took place, and it is the district in which monies are due and payable.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant 28 U.S.C. § 1367(a).

//

## PARTIES

5. Plaintiffs are the Trustees of the Inland Empire IBEW-NECA Defined Contribution Trust Fund ("DC Fund"), the Inland Empire IBEW-NECA Health Plan ("Health Plan"), the Riverside County Electrical Educational and Training Trust Fund ("Riverside Training Fund"), the Local 477, I.B.E.W.-Southern Sierras Chapter, N.E.C.A. Educational and Training Trust Fund ("San Bernardino Training Fund"), the Inland Empire IBEW-NECA Labor Management Cooperation Committee Trust ("LMCC Fund"), and the Administrative Maintenance Fund ("Admin. Fund") (collectively "Trust Funds").

6. Plaintiffs also include the Local Union No. 440 International Brotherhood of Electrical Workers ("Local 440") and the Local Union No. 477 International Brotherhood of Electrical Workers ("Local 477") (collectively "Local Unions").

7. The Trust Funds and Local Unions are each duly organized and operating in the State of California.

8. The Trust Funds are multiemployer trust funds created and maintained pursuant to section 302(c) of the LMRA, 29 U.S.C. § 186(c).

9. The Trust Funds, except the LMCC Fund and the Admin. Fund, are multiemployer plans within the meaning of sections 3(37) and 515 of ERISA, 29 U.S.C. §§1002(37)(A) and 1145, and the Plaintiff trustees of these Trust Funds are "fiduciar[ies]" as defined in section3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

10. Plaintiffs are informed and believe, and allege thereon, that Defendant, CICO Electrical Contractors, Inc., ("Defendant"), is and at all times relevant herein was, a corporation organized and existing under laws of the State of California with its principal place of business in Los Angeles, California.

## BARGAINING AGREEMENTS AND STATUS OF PARTIES

11. On or about August 18, 2006, the Defendant executed and delivered a written agreement to Local 440, whereby the Defendant agreed to be bound by the terms and conditions of an existing collective bargaining agreement in effect between

Local 440 and the Southern Chapter of NECA entitled the Inside Wireman's Agreement ("Local 440 Wireman's Agreement"). Attached hereto as Exhibit 1 and incorporated herein by reference is the executed copy of the written agreement with Local 440 binding Defendant to the Local 440 Wireman's Agreement.

12. On or about January 28, 2008, the Defendant executed and delivered a written agreement to Local 477, whereby the Defendant agree to be bound by the terms and conditions of an existing collective bargaining agreement in effect between Local 477 and the Southern Sierras Chapter of NECA entitled the Inside Wiremen's Agreement ("Local 477 Wiremen's Agreement"). Attached hereto as Exhibit 2 and incorporated herein by reference is the executed copy of the written agreement with Local 477 binding Defendant to the Local 477 Wireman's Agreement.

13. The Local 440 Wireman's Agreement and Local 477 Wireman's Agreement are collectively referenced herein as the "Master Agreements."

14. Plaintiffs are informed and believe, and allege thereon, that at all times relevant herein, the Defendant was bound by the terms and conditions of the Master Agreements.

15. Plaintiffs are informed and believe, and allege thereon, that the Defendant is an "employer" at that term is defined in the Master Agreements and/or related Trust Agreements. Plaintiffs are informed and believe, and allege thereon, that the Defendant is an "employer" as defined and used in section 3(5) of ERISA, 29 U.S.C. § 1002(5), and therefore, Defendant is "obligated to make contributions to a multiemployer plan" within the meaning of section 515 of ERISA, 29 U.S.C. § 1145. Plaintiffs are informed and believe, and thereon allege, that Defendant is also an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA, 29 U.S.C. §§ 142(1) and 142(3), and within the meaning and use of section 301(a) of the LMRA, 29 U.S.C. § 185(a).

//

//

# FIRST CLAIM FOR RELIEF
# BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENTS AND RELATED TRUST AGREEMENTS

16. Plaintiffs hereby incorporate by reference paragraphs 1 through 15 above to the same effect as if set forth verbatim here.

17. Plaintiffs are informed and believe, and thereon allege, that by the terms of and provisions of the Master Agreements and/or related Trust Agreements, and at all times material herein, Defendant agreed, and was obligated to:

17.1 Prepare and submit true, complete and accurate written monthly contribution reports to the Trust Funds and Local Unions on a timely basis showing: (i) the identities of employees performing work covered by the Master Agreements and/or the related Trust Agreements, (ii) the number of hours worked by these employees, (iii) the rates of pay, (iv) character of hours worked (e.g., straight time, over-time, etc.), and (v) based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions, union dues and/or withholdings attributable to the same employees

17.2 Pay to the Trust Funds and Local Unions fringe benefit contributions, union dues and/or withholdings on a monthly basis, and at specified rates for each hour worked by applicable employees. These amounts are considered delinquent if not received by the Trust Funds and Local Unions by a date certain of the month succeeding the month in which work was performed. These amounts are due and payable at the NECA office in Redlands, California.

17.3 Permit the Trust Funds and Local Unions and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions and other amounts have been properly paid to the Trust Funds and Local Unions pursuant to the Master Agreements and/or related Trust Agreements.

18. The Defendant has breached the Master Agreements and/or the related Trust Agreements by failing to pay the Trust Funds and Local Unions fringe benefit contributions, union dues and/or other amounts required by the Master Agreements

5
COMPLAINT

and/or related Trust Agreements. The Defendant currently owes the Trust Funds and Local Unions for fringe benefit contributions/union dues, in an amount of at least $28,403.47 for October 2018 through February 2019.

19. Plaintiffs are informed and believe, and allege thereon, that on an ongoing basis, that on an ongoing basis, the Defendant will and has continued to fail to pay to the Trust Funds and Local Unions the required fringe benefits contributions, union dues and other amounts owed. The amount of the additional unpaid contributions, union dues and other amounts owed will be established by proof at the trial herein.

20. Plaintiffs are informed and believe, and allege thereon, that there is no pending unsatisfied condition subsequent or legal excuse for the Defendant's failure to comply with the terms of the Master Agreements and/or related Trust Agreements.

21. As of the date of the filing of this Complaint, the Defendant is "delinquent," as that term is used in the Master Agreements and/or related Trust Agreements.

22. Pursuant to the Local Master Agreements, related Trust Agreements, and/or section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Defendant is obligated to pay to the Trust Funds liquidated damages for the detriment caused by Defendant's failure to pay fringe benefit contributions owed to the Trust Funds in a timely manner. Plaintiffs are informed and believe, and allege thereon, that there is due and payable to from the Defendant to the Trust Funds liquidated damages related to work performed in an amount of at least $3,198.43

23. Pursuant to the Master Agreements, related Trust Agreements, and/or section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Defendant owes the Trust Funds interest on all unpaid fringe benefit contributions from the dates the sums were originally due to the Trust Funds to the date of judgment and post-judgment. The amount of interest of at least $1,091.90.

24. Pursuant to the Master Agreements, related Trust Agreements, and/or section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Defendant is obligated to pay

1  all legal and auditing costs in connection with any delinquency, whether incurred
2  before or after litigation is or was commenced.

3      25.   It has been necessary for the Plaintiffs to engage legal counsel and incur
4  costs for the purpose of collecting said contributions and other amounts, and the
5  Plaintiffs are entitled to their reasonable attorney's fees in connection therewith. The
6  Plaintiffs may also incur audit costs in connection with the Defendant's delinquency.
7  The exact amount of the legal fees and costs due and payable, and any audit costs that
8  may be incurred, have not been ascertained at this time. These amounts shall be
9  established by proof at the trial herein.

10     26.   Pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Court
11 may grant such other legal or equitable relief as the Court deems appropriate. As part of
12 the Plaintiffs' judgment, the Plaintiffs request the Court to:

         26.1 Order the Defendant, its representatives, agents and associates, to
provide a full and complete accounting for, and tracing the use of, all unpaid amounts
owed pursuant to the Master Agreements and Trust Agreements, and identify all
property, real or personal, tangible or intangible, that are the profits from the unpaid
amounts, whether in whole or in part, of the use of any sums owed to the Trust Fund
and Local Unions.

         26.2 Order the Defendant, its representatives, agents and associates, to
post and deliver either a good faith deposit, or a performance bond issued in favor of
the Trust Funds and Local Unions, in an amount to be determined by the Court to be
appropriate.

         26.3 Order the creation of a constructive trust for the full amount
determined to be due to the Plaintiffs on all applicable property of the Defendant, and
order the transfer of the applicable property to the Plaintiffs; and

         26.4  Order the Defendant, its representatives, agents and associates, to
pay to the Plaintiffs all amounts due to the Trust Funds and Local Union 477,

including, but not limited to, the unpaid contributions, union dues, withholdings, damages, legal fees, audit fees, and other expenses and damages incurred.

27. Plaintiffs are also seeking injunctive relief, including but not limited to a Temporary Restraining Order, Preliminary Injunction and/or Permanent Injunction:

    27.1 Ordering the Defendant to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions, union dues and other amounts owed to the Trust Funds and Local Unions on an ongoing basis;

    27.2 Enjoining the Defendant from continuing to violate its duties under ERISA (by failing to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions owed to the Trust Funds on an ongoing basis);

    27.3 Enjoining the Defendant from employing employees covered under the Master Agreements and related Trust Agreements without properly reporting and remitting to the Trust Funds and Local Unions the amounts owed to the Plaintiffs pursuant to those agreements; and

    27.4 Order the Defendant to permit the Plaintiffs' auditor access to the wage and payroll books and records of the Defendant in order to permit the Plaintiffs to verify the precise amounts owed by the Defendant to the Trust Funds and Local Unions.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF SECTION 515 OF ERISA

28. Plaintiffs hereby incorporate by reference paragraphs 1 through 27, inclusive of the sub-paragraphs, above to the same effect as if set forth verbatim here.

29. Section 515 of ERISA, 29 U.S.C. § 1145, provides "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargaining agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

30. The Defendant is an "employer" as defined and used in section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is "obligated to make contributions to a

multiemployer plan" within the meaning and use of section 515 of ERISA, 29 U.S.C. § 1145.

31. Plaintiffs are informed and believe, and allege thereon, that Defendant violated its statutory mandated obligation to timely pay fringe benefit contributions to the Trust Funds. Plaintiffs are informed and believe, and allege thereon, that there is due and payable from the Defendant the fringe benefit contributions and other amounts set forth in paragraph 17 above.

32. Defendant failed to timely cure its violation, and has since continued to violate its statutory obligations.

33. Plaintiffs are informed and believe, and allege thereon, that there is no pending unsatisfied condition subsequent or legal excuse for the Defendant's violation of section 515 of ERISA, 29 U.S.C. § 1145.

34. Pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), in any action by a fiduciary in which judgment is found in favor of the Plan, the Court shall award the Plan: (i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of, (a) interest on the unpaid contributions or (b) liquidated damages provided for under the Plan in amount not in excess of 20% (or such higher percentages as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorney's fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), interest on unpaid contributions shall be determined by using the rate provided under the Plan or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended 26 U.S.C. § 6621. The exact amount of the unpaid contributions, interest, liquidated damages, reasonable attorney's fees, court costs, and other expenses allowed by federal statute and owed by the Defendant to the Trust Funds has not been ascertained at this time. These amounts shall be established by proof at the time of trial.

35. As part of the Plaintiffs' judgment, the Plaintiffs shall also request the relief set forth in paragraph 26-27, inclusive of sub-paragraphs, above.

## **PRAYER**

WHEREFORE, the Plaintiffs pray for judgment as follows:

1. For unpaid fringe benefit contributions, liquidated damages, and other amounts due as proved;

2. For damages for breach of contract in amounts as proved;

3. For interest at the applicable rate on all amounts due from their respective due dates and thereafter post-judgment;

4. For reasonable attorney's fees;

5. For costs of suit incurred herein;

6. For additional relief as this Court deems just and proper, including, but not limited to, the following:

   6.1   An Order directing the Defendant, its representative, agents, and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid amounts owed pursuant to the Master Agreements and Trust Agreements, and identify all property, real or personal, tangible or intangible, that are the profits from the unpaid amounts, whether in whole or in part, of the use of any sums owed to the Plaintiffs;

   6.2   An Order directing the Defendant, its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trust Funds, in an amount determined by the Court to be appropriate;

   6.3   An Order for the creation of a constructive trust for the full amount determined to be due to the Plaintiffs on all applicable property of the Defendant, and an Order for the transfer of the applicable property to the Plaintiffs; and

   6.4   An Order directly the Defendant, its representatives, agents and associates, to pay the Plaintiffs all amounts due the Plaintiffs, including, but not limited

to, the unpaid contributions, union dues, legal fees, audit fees and other expenses and damages incurred.

6.5     Order the Defendant to permit the Plaintiffs' auditor access to the wage and payroll books and records of the Defendant in order to permit the Plaintiffs to verify the precise amounts owed by the Defendant to the Trust Funds and Local Unions. Said documents would include the following documents: payroll records, certified payroll records, time cards, payroll registers, form 1099's and 1096's, form W-2, W-3, DE-6 and 941 wage and tax statements, general ledger, accounts receivable listings, cash disbursement journals, job cost records, invoices, subcontracts, cash receipts journals, quarterly federal and state payroll tax returns, cancelled checks and check stub registers, inspector logs, shift differential logs, work orders, payroll records for related companies, employer contribution reports and cancelled checks regarding contributions owed/paid to other trust funds, detailed worker's compensation insurance reports, and any other books and records that may be necessary to in order to determine the sums owed by the Defendant to the Plaintiffs.

7.     For injunctive relief, including but not limited to a Temporary Restraining Order, Preliminary Injunction and/or Permanent Injunction:

7.1     Ordering the Defendant to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions, union dues and other amounts owed to the Trust Funds and Local Unions on an ongoing basis;

7.2     Enjoining the Defendant from continuing to violate its duties under ERISA (by failing to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions owed to the Trust Funds on an ongoing basis);

7.3     Enjoining the Defendant from employing employees covered under the Master Agreements and related Trust Agreements without properly reporting and remitting to the Trust Funds and Local Unions the amounts owed to the Plaintiffs pursuant to those agreements; and

7.4     Order the Defendant to permit the Plaintiffs' auditor access to the

wage and payroll books and records of the Defendant in order to permit the Plaintiffs to verify the precise amounts owed by the Defendant to the Trust Funds and Local Unions. Said documents would include the following documents: payroll records, certified payroll records, time cards, payroll registers, form 1099's and 1096's, form W-2, W-3, DE-6 and 941 wage and tax statements, general ledger, accounts receivable listings, cash disbursement journals, job cost records, invoices, subcontracts, cash receipts journals, quarterly federal and state payroll tax returns, cancelled checks and check stub registers, inspector logs, shift differential logs, work orders, payroll records for related companies, employer contribution reports and cancelled checks regarding contributions owed/paid to other trust funds, detailed worker's compensation insurance reports, and any other books and records that may be necessary to in order to determine the sums owed by the Defendant to the Plaintiffs.

Dated: July 17, 2019

/s/ Kerry K. Fennelly
Kerry K. Fennelly, Esq.
Jasleen D. Ahuja, Esq.
Kraw Law Group, APC
1017 East Grand Avenue
Escondido, CA 92025
(760)747-1100 tel
(760)747-1188 fax
kfennelly@kraw.com
jahuja@kraw.com

Attorneys for Plaintiffs

# EXHIBIT 1

Bd. of Trs. of the Inland Empire
IBEW-NECA Defined Contribution
Trust Fund, et al., v. CICO Electrical Contractors, Inc.

EXHIBIT 1 to COMPLAINT - 13

## LETTER OF ASSENT - A

In signing this letter of assent, the undersigned firm does hereby authorize [1]  SOUTHERN SIERRAS CHAPTER NECA as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved [2] INSIDE WIREMAN'S labor agreement between the [1] SOUTHERN SIERRAS CHAPTER NECA and Local Union [3] 440 IBEW.

In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor agreements. This authorization, in compliance with the current approved labor agreement, shall become effective on the [4] 18th day of AUGUST, 2006. It shall remain in effect until terminated by the undersigned employer giving written notice to the [1] SOUTHERN SIERRAS CHAPTER NECA and to the Local Union at least one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement.

The Employer agrees that if a majority of its employees authorize the Local Union to represent them in collective bargaining, the Employer will recognize the Local Union as the NLRA Section 9(a) collective bargaining agent for all employees performing electrical construction work within the jurisdiction of the Local Union on all present and future jobsites.

In accordance with Orders issued by the United States District Court for the District of Maryland on October 10, 1980, in Civil Action HM-77-1302, if the undersigned employer is not a member of the National Electrical Contractors Association, this letter of assent shall not bind the parties to any provision in the above-mentioned agreement requiring payment into the National Electrical Industry Fund, unless the above Orders of Court shall be stayed, reversed on appeal, or otherwise nullified.

SUBJECT TO THE APPROVAL OF THE INTERNATIONAL PRESIDENT, IBEW

CICO ELECTRICAL CONTRACTORS    C10 #: 837426
[5] Name of Firm
365 WHIPPORWILL DRIVE    PHONE: 951.543.2811
Street Address/P.O. Box Number
RIVERSIDE, CA 92507    FAX: 951.684.0738
City, State (Abbr.) Zip Code

[6] Federal Employer Identification No.:  566.17.8260

APPROVED
INTERNATIONAL OFFICE - I.B.E.W.
SEP 7 2006
Edwin D. Hill, President
This approval does not make the International a party to this agreement.

SIGNED FOR THE EMPLOYER
BY [7] _____(original signature)_____
NAME [8] CECILIO JAURE
TITLE/DATE  OWNER

SIGNED FOR THE UNION [3] 440  IBEW
BY [7] _____(original signature)_____
NAME [8] ROBERT C. FROST
TITLE/DATE  BUSINESS MANAGER

INSTRUCTIONS (All items must be completed in order for assent to be processed)

[1] NAME OF CHAPTER OR ASSOCIATION
Insert full name of NECA Chapter or Contractors Association involved.

[2] TYPE OF AGREEMENT
Insert type of agreement. Example: Inside, Outside Utility, Outside Commercial, Outside Telephone, Residential, Motor Shop, Sign, Tree Trimming, etc. The Local Union must obtain a separate assent to each agreement the employer is assenting to.

[3] LOCAL UNION
Insert Local Union Number.

[4] EFFECTIVE DATE
Insert date that the assent for this employer becomes effective. Do not use agreement date unless that is to be the effective date of this Assent.

[5] EMPLOYER'S NAME & ADDRESS
Print or type Company name & address.

[6] FEDERAL EMPLOYER IDENTIFICATION NO.
Insert the identification number which must appear on all forms filed by the employer with the Internal Revenue Service.

[7] SIGNATURES

[8] SIGNER'S NAME
Print or type the name of the person signing the Letter of Assent. International Office copy must contain actual signatures-not reproduced-of a Company representative as well as a Local Union officer.

A MINIMUM OF FIVE COPIES OF THE JOINT SIGNED ASSENTS MUST BE SENT TO THE INTERNATIONAL OFFICE FOR PROCESSING. AFTER APPROVAL, THE INTERNATIONAL OFFICE WILL RETAIN ONE COPY FOR OUR FILES, FORWARD ONE COPY TO THE IBEW DISTRICT VICE PRESIDENT AND RETURN THREE COPIES TO THE LOCAL UNION OFFICE. THE LOCAL UNION SHALL RETAIN ONE COPY FOR THEIR FILES AND PROVIDE ONE COPY TO THE SIGNATORY EMPLOYER AND ONE COPY TO THE LOCAL NECA CHAPTER.

IMPORTANT: These forms are printed on special paper and no carbon paper is required for duplicate copies. Remove from the pad enough copies of the form for a complete set and complete the form.

SEP 1 3 2006

Bd. of Trs. of the Inland Empire
IBEW-NECA Defined Contribution
Trust Fund, et al., v. CICO Electrical Contractors, Inc.

EXHIBIT 1 to COMPLAINT - 14

# EXHIBIT 2

Bd. of Trs. of the Inland Empire
IBEW-NECA Defined Contribution
Trust Fund, et al., v. CICO Electrical Contractors, Inc.

EXHIBIT 2 to COMPLAINT - 15

## LETTER OF ASSENT - A

In signing this letter of assent, the undersigned firm does hereby authorize [1] __Southern Sierras Chapter N.E.C.A.__

_____ as its collective bargaining representative for all matters contained in or pertaining to the

current and any subsequent approved [2] __Inside Wireman's__ labor agreement between the

[1] __Southern Sierras Chapter N.E.C.A.__ and Local Union [3] __477__, IBEW.

In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor agreements. This authorization, in compliance with the current approved labor agreement, shall become effective on the [4] __28th__ day of __January__, __2008__. It shall remain in effect until terminated by the undersigned employer giving written notice to the [1] __Southern Sierras Chapter N.E.C.A.__ and to the Local Union at least one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement.

The Employer agrees that if a majority of its employees authorize the Local Union to represent them in collective bargaining, the Employer will recognize the Local Union as the NLRA Section 9(a) collective bargaining agent for all employees performing electrical construction work within the jurisdiction of the Local Union on all present and future jobsites.

In accordance with Orders issued by the United States District Court for the District of Maryland on October 10, 1980, in Civil Action HM-77-1302, if the undersigned employer is not a member of the National Electrical Contractors Association, this letter of assent shall not bind the parties to any provision in the above-mentioned agreement requiring payment into the National Electrical Industry Fund, unless the above Orders of Court shall be stayed, reversed on appeal, or otherwise nullified.

### SUBJECT TO THE APPROVAL OF THE INTERNATIONAL PRESIDENT, IBEW

| | |
|---|---|
| Cico Electrical Contractors | CIO# 837426 |
| [5] Name of Firm | Phone: 951-543-2811 |
| 365 Whipporwill Drive | FAX: 951-684-0738 |
| Street Address/P.O. Box Number | |
| Riverside, CA 92507 | |
| City, State (Abbr.) Zip Code | |
| [6] Federal Employer Identification No.: 65-1305518 | |

SIGNED FOR THE EMPLOYER                     SIGNED FOR THE UNION [3] __477__, IBEW

BY [7] ___(original signature)___            BY [7] ___(original signature)___

NAME [8] __Cecilio Jaure__                   NAME [8] __John A. Brown__

TITLE/DATE __Owner__           __1/28/08__   TITLE/DATE __Business Manager__   __1/28/08__

---

INSTRUCTIONS (All items must be completed in order for assent to be processed)

[1] NAME OF CHAPTER OR ASSOCIATION
Insert full name of NECA Chapter or Contractors Association involved.

[2] TYPE OF AGREEMENT
Insert type of agreement. Example: Inside, Outside Utility, Outside Commercial, Outside Telephone, Residential, Motor Shop, Sign, Tree Trimming, etc. The Local Union must obtain a separate assent to each agreement the employer is assenting to.

[3] LOCAL UNION
Insert Local Union Number.

[4] EFFECTIVE DATE
Insert date that the assent for this employer becomes effective. Do not use agreement date unless that is to be the effective date of this Assent.

[5] EMPLOYER'S NAME & ADDRESS
Print or type Company name & address.

[6] FEDERAL EMPLOYER IDENTIFICATION NO.
Insert the identification number which must appear on all forms filed by the employer with the Internal Revenue Service.

[7] SIGNATURES
[8] SIGNER'S NAME
Print or type the name of the person signing the Letter of Assent. International Office copy must contain actual signatures-not reproduced-of a Company representative as well as a Local Union officer.

A MINIMUM OF FIVE COPIES OF THE JOINT SIGNED ASSENTS MUST BE SENT TO THE INTERNATIONAL OFFICE FOR PROCESSING. AFTER APPROVAL, THE INTERNATIONAL OFFICE WILL RETAIN ONE COPY FOR OUR FILES, FORWARD ONE COPY TO THE IBEW DISTRICT VICE PRESIDENT AND RETURN THREE COPIES TO THE LOCAL UNION OFFICE. THE LOCAL UNION SHALL RETAIN ONE COPY FOR THEIR FILES AND PROVIDE ONE COPY TO THE SIGNATORY EMPLOYER AND ONE COPY TO THE LOCAL NECA CHAPTER.
IMPORTANT: These forms are printed on special paper and no carbon paper is required for duplicate copies. Remove from the pad enough copies of the form for a complete set and complete the form.

IBEW. FORM 302 REV. 9/01

Bd. of Trs. of the Inland Empire                EXHIBIT 2 to COMPLAINT - 16
IBEW-NECA Defined Contribution
Trust Fund, et al., v. CICO Electrical Contractors, Inc.